**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA THOMAS FRIAR, | No. 22-35297 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01621-AA |
| v. | |
| MARK NOOTH, East-side, sued in his individual and or official capacity as appropriate; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted August 15, 2023**

Before:     TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Oregon state prisoner Joshua Thomas Friar appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Friar failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (holding deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Friar's motion for a stay of summary judgment and additional discovery because Friar did not diligently pursue his previous discovery opportunities and did not articulate how the information sought would preclude summary judgment. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677-78 (9th Cir. 2018) (setting forth standard of review and explaining that a party seeking further discovery under Federal Rule of Civil Procedure 56(d) must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Friar's motion for

reconsideration because Friar failed to demonstrate a basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**